## Sykes et al. *v.* Thornton, Appellant.

*Practice—Supreme Court—Appeals from interlocutory orders.*

The Supreme Court will not consider appeals from interlocutory orders requiring sums of money to be paid to or by receivers, unless such orders are shown to have been improvidently made.

*Receivers—Payment by—Refunding bond—Practice.*

Where an order is made requiring a receiver to pay over a sum of money in his hands in partial distribution of the fund, it is proper to require a refunding bond to be entered in double the amount of the money to be paid.

Argued Oct. 3, 1892.  Appeals, Nos. 137 and 139, July T., 1892, by defendant, William Thornton, from orders of C. P. No. 3, Phila. Co., June T., 1891, No. 1293, directing certain payments to be made to and by the receiver of the late partnership of William Thornton & Co.  Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Rules to quash appeals.

Plaintiffs filed a bill for settlement of partnership account, a receiver was placed in charge and John H. Fow appointed master.  Plaintiffs petitioned for payment to them of $15,000 in partial distribution, pending proceedings for a final account. The court directed the master to make a special report thereon. The master found that the firm had no creditors; that the amount in the hands of the receiver after payment of expenses amounted to $69,150; that the amount asked for by plaintiffs

would not affect defendant's rights ; and that ample means would be left for the payment of all expenses.  He recommended the payment of the money and the court so ordered.  Exceptions to the master's findings and to the decree were dismissed. Appeal No. 137 was then taken by defendant.  The facts of appeal No. 139 appear by the opinion of the Supreme Court.

*Joseph L. Tull, Thomas D. Finletter* with him, for the rules, cited, Neeld's Ap., 70 Pa. 113 ; 1 Am. & Eng. Enc. Law, 618 ; ·Royer v. Tate, 1 P. & W. 227 ; Fidelity Ins. etc. Co.'s Ap., Leg. Int. for 1881, p. 157 ; Parker v. Browning, 8 Paige, 390 ; Yerger v. Wallace, 44 Pa. 296 ; Chew's Ap., 3 Grant, 294 ; Forgay v. Conrad, 6 How. 201 ; 2 Dan. Ch., 5th ed. § 1202.

*J. M. Pile, R. P. White* with him, contra, cited, Com. v. Judges, 3 Bin. 273 ; Pontius v. Nesbit, 40 Pa. 309 ; Benjamin ·v. Armstrong, 2 S. & R. 392 ; Mackaness v. Long, 85 Pa. 158 ; Harger v. Com., 12 Pa. 251 ; Owen's Ap., 78 Pa. 511 ; Palmer v. Truby, 136 Pa. 556 ; Davie v. Davie, 52 Ark. 224 ; Forgay v. Conrad, 6 How. 201 ; Perkins v. Fourniquet, 6 How. 207 ; Thomson v. Dean, 7 Wal. 342 ; R. R. v. Simmons, 123 U. S. 52 ; Bank v. Shedd, 121 U. S. 74 ; Tucker v. Yell, 25 Ark. 420, 430 ; Bebee v. Russell, 19 How. 283–6.

PER CURIAM, November 7, 1892 :

These were rules to show cause why the appeals taken in the above case should not be quashed.

Appeal No. 137 was from an order of the court below, requiring the receiver to pay the plaintiffs the sum of $15,000 in partial distribution of the funds in his hands.

Interlocutory orders of this nature are frequently made in the case of receivers, and unless shown to have been improvidently made, we will not interfere.  Nothing of this kind appears in this case.  At the same time we think the court should require a refunding bond in double the amount before the receiver pays over the money.  This is the proper practice.

Appeal No. 139 was from an order of the court below requiring the defendants to pay over to the receiver the sum of $13,171.61, which the master found to be in his hands and belonging to the late copartnership of William Thornton & Company.

This was also an interlocutory order.  The money was ad-

mittedly in the defendants' hands, and it belongs to the partnership. One of the purposes of appointing the receiver was to take possession of the partnership property. The defendant must comply with the order of the court below.

The rules are made absolute, and the appeal quashed in each case at the costs of the appellant.